## IN RE: GUARDIANSHIP OF HERNANDEZ
### Case No. 90-392 CG M
Fifteenth Judicial Circuit, Palm Beach County

December 6, 1990

### APPEARANCES OF COUNSEL
**John Shipley, Esquire,** for guardian.
**Richard Rogers, Esquire,** for JFK Medical Center.

### OPINION OF THE COURT
VAUGHN J. RUDNICK, Circuit Judge.

*ORDER DENYING MOTION FOR EQUITABLE DISTRIBUTION*

The civil case from which this guardianship originates was settled and John F. Kennedy Medical Center filed a timely lien in the amount of $87,406 for claims related to the accident of June 11, 1989 which placed Viviana Hernandez in their institution on emergency basis for treatment and care. Being unable to resolve the matter amicably, the parties have polarized their positions as follows:

1. The guardians, Wilson Hernandez and Sarah Rivera, deny John F. Kennedy Medical Center is entitled to any claim of a statutory lien pursuant to Chapter 57-1688, *Laws of Florida,* 1957 because it is not

"operating a public hospital in Palm Beach County, Florida"; they seek this court's order declaring the lien to be void and without effect;

2. John F. Kennedy Medical Center opines it is operating a public hospital in Palm Beach County, Florida and is entitled to the full effect of its lien without reduction or equitable distribution.

The resolution of the issue presented depends upon the interpretation of Chapter 57-1688 and the pertinent portion under consideration is Section 1 which provides:

"Every individual, partnership, firm, association, corporation, institution and governmental unit, and every combination of any of the foregoing, *operating a public hospital* in Palm Beach County, Florida, shall be entitled to a lien for all reasonable charges for hospital care, treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons to whom such care, treatment or maintenance are furnished, or accruing to the legal representatives of such persons, and upon all judgments, settlements and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgment, settlement or settlement agreement and which necessitate or shall have necessitated such hospital care, treatment and maintenance." (Emphasis supplied).

John F. Kennedy Medical Center is obligated by Florida law to accept and treat all emergency room patients who arrive at its doors; it is one of several hospitals designated by the Palm Beach County Health Care District to provide health care services to the residents of Palm Beach County. Pursuant to an agreement between the district and John F. Kennedy Medical Center, the hospital is obligated to provide all medically necessary, emergency acute care hospital services to residents of the county in the hospital's service area; the agreement provides the district with authority to participate in the management of the center, participate in financial audits and implement standards of hospital care.

The child, Viviana, was admitted through the emergency room of the center on June 11, 1989 as a result of a moped accident on the same date and was discharged on July 9, 1989 having incurred a bill as a result of the admission in the amount of $87,406. Due to a billing misunderstanding, Medicaid was initially billed as the primary payor and paid $8,731.13, this sum has been repaid leaving a current amount due and owing to the hospital of $78,674.87; the claims of the lien in the amount of $65,454.97 was timely filed by the hospital on or about July 13, 1989.

The petitioners seek the invalidity of the hospital's lien and cite as their authority the case of *West Coast Hospital Association v Hoare,* 64 So.2d 293 (Fla. 1953) for its definition of a public hospital. In that decision, the court ruled:

"The difference between a public and private hospital [has been] clearly established . . . A private hospital is one founded and maintained by private persons or a corporation, the state or municipality having no voice in the management or control of its property or the formation of rules for its government . . . A public hospital [is] created and endowed by the government for general charity, [it] is a public corporation and a public hospital may be defined in general as an institution owned by the public and devoted chiefly to public uses and purposes."

In the above case the factual scenario the court was called upon to resolve was a suit to enjoin a non-profit hospital corporation from interfering with the plaintiff physician's use of the defendant's hospital facilities for the performance of major surgical operations on his patients. The Supreme Court ruled the hospital was a private hospital, not subject to laws, rules and regulations governing public hospitals, and hence it had the right to exclude any physician from practicing therein. This case is of no assistance in resolving the issue presently before the court.

The controlling factor with respect to statutory construction is that of legislative intent by which the court must be guided and give effect even though it might contradict the strict letter of the statute.

It may be argued it was the intent of the legislature that only those medical centers that are owned, endowed, funded and managed by the government or one of its subdivisions, could avail itself of the lien created by Chapter 57-1688 Law of Florida: such a position is of little or no assistance to a person horribly injured or deathly ill in need of immediate emergency treatment. Of paramount importance to such a person is making available state of the art medical attention as quickly as possible with secondary attention addressing how the medical bills will ultimately be paid. It is inconceivable the legislative body would concern itself only with those very limited medical institutions falling within the definition of a public hospital as set forth in the *West Coast Hospital Ass'n v Hoare,* supra, and this court rejects that proposition as evidencing the legislature's intent.

The court interprets [sic] the words "operating a public hospital" as one being open to the general public as recipients of its medical services and not being limited or restricted to any particular class of or

within the community. Such an interpretation lends wisdom, common sense and sensitivity to the needs of the patient and affords such institutions a remedy, if necessary, to secure indebtedness due it. It is thereupon,

ADJUDGED the motion for equitable distribution is denied.

ORDERED at West Palm Beach, Palm Beach County, Florida, on December 6, 1990.